IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 3:17-CV-241-J-32JBT |
| Plaintiff, | |
| vs. | |
| CRST INTERNATIONAL, INC./CRST EXPEDITED, INC. | |
| Defendants. | |

**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR
ALTERNATIVELY TO TRANSFER THIS CASE
TO THE NORTHERN DISTICT OF IOWA AND
ACCOMPANYING MEMORANDUM OF LAW**

## Introduction

Defendant CRST Expedited, Inc. ("Expedited") respectfully moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue.[1]  Alternatively, Expedited asks the Court to transfer this case to the Northern District of Iowa, Cedar Rapids Division, which is the appropriate venue under 42 U.S.C. § 2000e-5(f)(3), the governing venue provision.  The basis for this Motion is as follows, and the legal authorities in support of this Motion are set forth in the accompanying Memorandum of Law, below.

Plaintiff Equal Employment Opportunity Commission ("EEOC"), filed this action under the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991,

---

[1] The EEOC named CRST International, Inc./CRST Expedited, Inc. as the sole defendant, but there is no such entity.  CRST International, Inc., and CRST Expedited, Inc. are separate, though related, corporations.  To correct this error, Expedited has concurrently filed a motion under Rule 21, Fed. R. Civ. Proc, to drop the non-existent defendant and to add Expedited as the appropriate defendant.

alleging claims of disability discrimination and retaliation against Expedited with regard to Leon Laferriere ("Laferriere"), who is a resident of this District but is not a party to this case.

Expedited, headquartered in Cedar Rapids, Iowa, employs two-person driving teams on its long-haul trucks so that the trucks can be operated for more than the individual 14-hour daily driving maximum.  Sleeping accommodations are provided in the truck cab.  Trucks stay on the road for weeks at a time.

Mr. Laferriere applied for a position with Expedited as a long-distance team driver, but he informed CRST that would need to have an emotional support dog on board the truck with him because he suffers from Post-Traumatic Stress Disorder ("PTSD").  The EEOC contends that Expedited violated the ADA by failing to accommodate Mr. Laferriere's needs by not allowing him to have an emotional support dog with him on the truck.  The EEOC also claims that, by not hiring Mr. Laferriere, Expedited discriminated against him because of his disability and retaliated against him because of his request for an emotional support dog.  (Complaint ¶¶ 12-19.)

Venue is not proper in this District. The ADA specifically incorporates by reference the venue provision applicable in Title VII actions. *See* 42 U.S.C.A. § 12117.  As a result, venue in ADA litigation is governed by 42 U.S.C. § 2000e-5(f)(3).  "The venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of § 1391 are not controlling in such cases." *Pinson v. Rumsfeld*, 192 Fed.Appx. 811, 817 (11th Cir. 2006).  Section 2000e–5(f)(3) provides:

> [A]n action may be brought in any judicial district in the State [1] in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

As explained in more detail below, the events giving rise to the EEOC's Complaint did not occur in this District. All decisions with respect to Mr. Laferriere's employment application were made at Expedited's Cedar Rapids, Iowa headquarters in the Northern District of Iowa, not in this District. Defendants' employment records are also maintained at Expedited's headquarters in the Northern District of Iowa.  If Mr. Laferriere had been hired by Expedited, he would have been assigned to Expedited's Oklahoma City terminal, one of Expedited's four terminals which operate as the "home bases" of Expedited's trucks.  Mr. Lafferiere would not have worked in this District except incidentally if his truck passed through the District to make a delivery or pick-up.

As an alternative to dismissal, Expedited requests under 28 U.S.C. § 1406(a) that the Court transfer this case to the United States District Court for the Northern District of Iowa, Cedar Rapids Division, where this lawsuit could have been brought.

## MEMORANDUM OF LAW

### Relevant Facts

Expedited is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. (Karen Carlson Decl., ¶ 4.)

On or about May 6, 2015, Mr. Laferriere submitted an online application for a position as an over-the-road driver with Expedited. (Nichole Moreland Decl., ¶ 4.) Mr. Laferriere's application was received and reviewed by an Expedited recruiter, Nichole Moreland. (*Id*., ¶ 5.) Ms. Moreland works for Expedited at its headquarters in Cedar Rapids, Iowa. (*Id*., ¶ 2.)

As part of Expedited's driver training program, driver applicants without experience must first attend a school to earn a Commercial Driver's License ("CDL"). (*Id*., ¶ 7.) After successful completion of driving school and orientation at a CRST facility, the applicant is hired by

Expedited. (*Id.*) The newly hired driver is then required to drive with another, more experienced lead driver to complete on-road training. (*Id.*)

When he applied for employment with Expedited, Mr. Laferriere was inexperienced and did not have a CDL. (*Id.*, ¶ 10.) Mr. Laferriere signed a Pre-Employment Driver Training Agreement with Expedited on May 26, 2015, and attended a driving school in Jacksonville, Florida, that is not affiliated with Expedited, to obtain his CDL. (*Id.*, ¶ 11.)

During the application process, Ms. Moreland was informed by Mr. Laferriere that he needed his emotional support dog to accompany him on the truck. (*Id.*, ¶ 8.) Ms. Moreland worked out a plan with Mr. Laferriere that would allow his brother, who was an experienced truck driver, to work for Expedited and train Mr. Laferriere during his 28-day on-road training period. (*Id.*, ¶ 9.) Ms. Moreland communicated with Mr. Laferriere via email and telephone from her office in Cedar Rapids, Iowa. (*Id.*, ¶ 13.)

After Mr. Laferriere completed his training, Expedited learned that his brother had decided not to work for the company. (*Id.*, ¶ 12.)  Expedited's Manager of Capacity Development, Marcus Schneider, who also works at Expedited's Cedar Rapids headquarters, contacted Mr. Laferriere in an attempt to work out an alternate plan. (*Id.*, ¶ 12; Marcus Schneider Decl., ¶¶ 5-6.)  Mr. Laferriere was ultimately provided a bus ticket home from Jacksonville, Florida until arrangements could be made. (*Id.*, ¶ 6.)  Mr. Schneider communicated with Mr. Laferriere via email and telephone from Expedited's Cedar Rapids headquarters. (*Id.*, ¶ 7.)

Ultimately, Mr. Laferriere was not hired by Expedited.  (*Id.*, ¶ 8.)  However, if Mr. Laferriere had been hired by Expedited, he would have attended new driver orientation in Oklahoma City, Oklahoma. (*Id.*)  If Mr. Laferriere would have successfully completed orientation, he would have then been dispatched onto a truck for over-the-road training from Oklahoma City.

(*Id.*)  Mr. Laferriere's driver manager, who would have been his immediate supervisor, would have been based in Cedar Rapids, Iowa. (*Id.*, ¶¶ 9-10.)

Mr. Laferriere filed a charge with the EEOC asserting that Expedited had violated the ADA by not hiring him because of his need for an emotional support dog. (Carlson Decl., ¶ 9.)  His charge was sent to Expedited's office in Cedar Rapids, Iowa by the EEOC's Milwaukee, Wisconsin office who investigated the charge. (*Id.*, ¶ 10.) Expedited had no contacts with EEOC's office in this District with respect to Mr. Laferriere's ADA charge.  (*Id.*, ¶ 11.)

<u>Argument</u>

I.      **Venue is Improper in This District.**

The plaintiff has the burden to establish that venue is proper. *Home Ins. Co. v. Thomas Indus., Inc.,* 896 F.2d 1352, 1355 (11th Cir. 1990). Although the allegations of plaintiff's complaint must be accepted as true in determining whether venue is proper, the Court may consider facts outside the complaint if plaintiff's allegations are contradicted by defendant's declarations. *Bell v. United Air Lines, Inc.,* Case No. 11-61393-CIV, 2011 WL 11048116, at *1 (S.D. Fla. Nov. 30, 2011) (*citing Wai v. Rainbow Holdings,* 315 F.Supp.2d 1261, 1268 (S.D. Fla. 2004)).

The EEOC cannot establish that venue is proper in this District under any of the three criteria of § 2000e-5(f)(3):

(1)     The alleged unlawful employment practice occurred in the Northern District of Iowa where all the decisions relating to Mr. Laferriere's employment application were made.

(2)     All of Expedited's records with respect to Mr. Laferriere's employment application are maintained in the Northern District of Iowa.

(3)     If Mr. Laferriere had been hired by Expedited, he would have been assigned to a truck operating from Expedited's terminal in Oklahoma City.

**A.    The Allegedly Unlawful Employment Practice Occurred in Cedar Rapids, Iowa.**

The EEOC alleges that Expedited discriminated against Laferriere by refusing to hire him and retaliating against him on the basis of his disability and request for accommodation. (Compl., ¶¶ 14-16.) The EEOC alleges generally, without providing any details, that Expedited committed unlawful employment practices in Jacksonville and Fort Myers, Florida. (*Id.*, ¶¶ 2 & 12.)  These conclusory allegations are insufficient to establish a basis for venue in this District.  Courts have construed 2000e-5(f)(3)'s clause providing for venue  in the district where the allegedly unlawful employment practices were committed as authorizing venue in the district where the decisions and actions constituting the alleged unlawful practice occurred. *See Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 663 (D.D.C. 1982), which held that venue was proper in Maryland and not in the District of Columbia where the case was filed because "the decisions which are said to have wrongfully denied the plaintiff promotions, light duty work, training opportunities and equal pay all took place in the defendants' Hyattsville, Maryland service center." Although plaintiff performed some work in D.C., the decision to assign him that work was made at the Hyattsville, Maryland service center.  *Id*.  *See also Moore v. City of Kankakee*, 2015 U.S. Dist. LEXIS 66951 (N.D. Ill. May 22, 2015), which held that under § 2000e-5(f)(3) "[t]he plain language of this prong focuses on 'the place where the decisions and actions concerning the employment practices occurred,' not the location where a plaintiff received notice of Defendant's conduct or suffered from its effects."  *Id*. at *4.  The court in *Moore* explained that venue under § 2000e-5(f)(3) cannot be based on the plaintiff's residence:

> Plaintiff's argument—which effectively shifts the statute's focus from the workplace to Plaintiff's residence—is unsupported by the plain language of the statute. Moreover, taken to its logical extreme, his notice argument would create venue anywhere where a plaintiff received a termination phone call or email— again, an outcome that extends venue beyond the plain language of the statute.

*Id*. at *5.

As set forth above, Mr. Laferriere submitted an online application to Expedited. The application was received and reviewed by Expedited's recruiter, in Cedar Rapids, Iowa. All communications with Mr. Laferriere originated from Expedited's office in Cedar Rapids, Iowa. All decisions made by Expedited with respect to Mr. Laferriere were made in Cedar Rapids, Iowa. The driving school attended by Mr. Laferriere in Jacksonville was an independent training facility not affiliated with Expedited, and in any event it has no connection to the EEOC's allegation of an unlawful employment practice.

The EEOC's allegations here are nearly identical to the facts of *Pritchett v. Paschall Truck Lines, Inc.*, 714 F. Supp. 2d 1171 (M.D. Ala. 2010). In *Pritchett*, the plaintiff was an Alabama resident who was hired by a trucking company located in Kentucky. *Id*. at 1172. While traveling on a truck in Alabama, plaintiff made a harassment complaint by telephone to a dispatcher in defendant's Kentucky offices. *Id*. at 1173. Plaintiff alleged that "the actions giving rise to her retaliation claim occurred in Alabama because she made a phone call from Alabama to a dispatcher for [defendant] that was never returned." *Id*. at 1174. The court held the plaintiff "may only prove venue by proving that the alleged retaliation occurred in Alabama" and held that venue was appropriate only in Kentucky: "The alleged retaliation is a decision to withhold all future job assignments as a result of [plaintiff's] reports of alleged sexual harassment. . . . The decision to act in a retaliatory manner would have been made by [the defendant] at [the defendant's] location in Murray, Kentucky." *Id*. at 1175.

Other decisions in this Circuit similarly hold that the location of an allegedly unlawful employment practice is where the employer made the relevant decisions or took the pertinent actions. In *Lasher v. Day & Zimmerman Int'l, Inc.*, No. CIV.A. 1:05-CV-02643, 2006 WL

1518877, at *2–3 (N.D. Ga. May 30, 2006), the court held that, because plaintiff complained about harassment to the company's president who worked exclusively out of South Carolina, and all of plaintiff's contacts with the president would have taken place in South Carolina, the "unlawful employment practice" occurred in South Carolina, not Georgia, notwithstanding the plaintiff's summary assertions that "several of the incidents of harassment occurred in Georgia."

Similarly, in *Dubovik-Sileo v. Holder,* 2013 WL 3928225 (S.D. Fla. 2013) the plaintiff alleged racial and national origin discrimination based on the FBI's failure to hire him for a position in Chicago. *Id.* at *3. All applicants for the position, including plaintiff, used an online automated hiring management system to apply. *Id.* at *4. The decision not to consider plaintiff for the position was made by an FBI Human Resources Specialist in West Virginia. *Id.* The records relating to the position were kept in West Virginia. *Id.* Under these circumstances, the Court found that there was no basis for venue in the Southern District of Florida. *Id.* at *5.

**B.    Expedited's Employment Records Relating to Mr. Laferriere Are Maintained in Cedar Rapids, Iowa.**

Expedited's employment records concerning Mr. Laferriere are not maintained or administered in this District. Expedited maintains employment records for all employees and applicants, including Mr. Laferriere, at its headquarters in Cedar Rapids, Iowa.  The EEOC's Complaint does not allege otherwise.

C.     **If Mr. Laferriere Had Been Hired by Expedited, He Would Have Been Based at Expedited's Oklahoma City Terminal.**

If Mr. Laferriere had been hired by Expedited, he would have attended orientation in Oklahoma City, Oklahoma.  Following his successful completion of orientation, Mr. Laferriere would have been assigned to a truck and a lead driver for on-road training beginning in Oklahoma City. Mr. Laferriere's driver manager, who would have been his immediate supervisor, would have been based in Cedar Rapids, Iowa. Although it is true that Mr. Laferriere's truck could occasionally have been routed through this District, he would not have been based in this District, and plaintiff's residence is irrelevant when determining the statutory requirements for venue. *Robertson v. Donahoe*, 2012 WL 2917992, at *2 (M.D. Fla. 2012); *Moore v. City of Kankakee*, 2015 U.S. Dist. LEXIS 66951 at *5.

II.     **Alternatively, This Case Should Be Transferred to the Northern District of Iowa, Cedar Rapids Division.**

Because venue is not proper in the Middle District of Florida, the EEOCs Complaint can properly be dismissed under Fed. R. Civ. P. 12(b)(3). *See e.g. Bell,* 2011 WL 11048116, at *2 (dismissing ADA case for improper venue); *see also Carter v. Sec'y, Dep't of Homeland Sec.*, Case No. 6:08-cv-48-Orl-31KRS, 2008 WL 1805486, at *1 (M.D. Fla. Apr. 18, 2008) (same).

As an alternative to dismissal, defendant requests that the Court transfer venue to the Northern District of Iowa, Cedar Rapids Division, a district and division where this action could have been brought. *See* 28 U.S.C. § 1406(a): "The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." The decision whether to transfer a case under § 1406(a) is left to the district court's discretion. *See Carter*, 2008 WL 1805486, at *1 (*citing Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 433, 434 (11th Cir. 1983)). The district court in *Moore v. City of Kankakee* explained that:

> Transfer to the [to the district where the case could have been brought] also is in the interests of justice, as it would conserve the court's and the parties' resources. *See Giles v. Cont'l Cas. Co.*, 2010 U.S. Dist. LEXIS 10206, 2010 WL 481233, at *5 (S.D. Ill. Feb.5, 2010) (explaining that courts prefer transfer because it "avoids the 'time-consuming and justice-defeating technicalities' required to refile a case in [another] venue") (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962)).

*Moore v. City of Kankakee*, 2015 U.S. Dist. LEXIS 66951 at *8.

Here, it is in the interest of justice to transfer this case to the Northern District of Iowa and avoid the need for the EEOC to dismiss and refile.  Moreover, the Northern District of Iowa is clearly the proper venue under 42 U.S.C. § 2000e-5(f)(3), and it is also a convenient forum. Expedited's headquarters are located there, as are the relevant documents and Expedited's prospective witnesses.[2]  Moreover, the EEOC office that investigated this case is located in Milwaukee, Wisconsin, not in this District.

## Conclusion

Therefore, CRST Expedited, Inc. asks the Court to dismiss Plaintiff EEOC's Complaint. In the alternative, CRST Expedited, Inc. requests under 28 U.S.C. § 1406(a) that the Court transfer this case to the United States District Court for the Northern District of Iowa, Cedar Rapids Division.

## Certificate of Conferral Pursuant to Local Rule 3.01(g)

Counsel for Defendant CRST Expedited, Inc. hereby certifies that he has conferred with counsel for Plaintiff EEOC, pursuant to Local Rule 3.01(g), and that Plaintiff does not consent to the relief sought in this Motion.

---

[2] At this point, the only other prospective witness is Mr. Laferriere, who resides in this District. However, as established above, venue is not proper in this District.  In any event, under Rule 45(c), Fed.R.Civ.P., Mr. Laferriere's deposition is required to take place near his residence.

Dated: May 3, 2017                    Respectfully submitted,


                                      By: /s/Charles M. Trippe, Jr.
                                      Charles M. Trippe, Jr.
                                      Trial Counsel
                                      Florida Bar No. 069760
                                      Joni A. Poitier
                                      Florida Bar No. 22861
                                      Moseley, Prichard, Parrish, Knight & Jones
                                      501 West Bay Street
                                      Jacksonville, Florida 32202
                                      Telephone:  (904) 421-8446
                                      Facsimile:  (904) 354-0194
                                      Email: cmtrippe@mppkj.com
                                      Email: japoitier@mppkj.com

                                      John M. Mathias Jr.
                                      Jenner & Block
                                      353 N. Clark Street
                                      Chicago, IL 60654-3456
                                      Telephone: (312) 923-2917
                                      Facsimile: (312) 527-0484
                                      Email: jmathias@jenner.com

                                      Motion for Admission *Pro Hac Vice* Pending

                                      Kevin J. Visser
                                      Simmons Perrine Moyer Bergman PLC
                                      115 Third Street SE, Suite 1200
                                      Cedar Rapids, IA 52401-1266
                                      Telephone: (319) 366-7641
                                      Facsimile: (319) 366-1917
                                      Email: kvisser@simmonsperrine.com

                                      Motion for Admission *Pro Hac Vice* Pending


                                      ATTORNEYS FOR DEFENDANT
                                      CRST EXPEDITED, INC.

**CERTIFICATE OF SERVICE**

I hereby certify on May 3, 2017, I filed a copy of the foregoing using the CM/ECF system, which will send notification of such filing to all attorneys and parties of record.


/s/ Charles M. Trippe, Jr.

ATTORNEY FOR DEFENDANT
CRST EXPEDITED, INC.